IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRISTY GOODEN, individually, and as guardian and next friend of TONY GOODEN, II, an incapacitated person, )<br><br>Plaintiff, )<br><br>vs. )<br><br>DRYWALL SUPPLY MIDWEST, INC., *et al.*, )<br><br>Defendants. ) | Case No. CIV-09-1101-D |

## **FINDINGS AND ORDER**

This matter comes before the Court for disposition of the Order to Show Cause issued July 7, 2010, and the Certification of Facts Constituting Contempt, issued by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(e)(6). An evidentiary hearing was held August 9, 2010, and the Court subsequently received written submissions of the parties, as directed at the hearing. Plaintiff appeared through her attorney of record, Jim Loftis. Defendants appeared through their attorneys, Daniel Jones and Lawrence Murphy. Counsel for a workers' compensation insurer and subrogor, David Custar, also appeared. The subject of the show cause order, Acceptance Indemnity Insurance Company ("Acceptance"), appeared through its corporate representative, Matthew Braig, and its counsel of record, James Dobbs. At the hearing, the Court specifically inquired of the parties present whether there was any issue as to the accuracy of the facts certified by Judge Couch, and all parties affirmatively stated there was no issue. Further, Mr. Dobbs confirmed the facts stated by Judge Couch concerning his and Acceptance's actions in connection with the June 14, 2010 settlement conference.

Upon consideration of the arguments of counsel and the evidence presented at the hearing, as well as Judge Couch's Certification, the case record, and the parties' post-hearing submissions, the Court finds as follows:

**FINDINGS**

1. Acceptance Indemnity Insurance Company ("Acceptance") was named as a defendant but was voluntarily dismissed without prejudice pursuant to the Joint Stipulation of Dismissal filed October 27, 2009.[1]

2. As the excess insurance carrier for Defendant Drywall Supply Midwest, Inc., however, Acceptance remained subject to an obligation to attend the judicial settlement conference requested by the parties, pursuant to the Court's local rules (*see* LCvR16.2(b)(3)) and Judge Couch's order setting the settlement conference. *See* Settlement Conference Order [Doc. No. 34].[2]

3. Acceptance received the Settlement Conference Order, which specifically required the attendance of a representative with full settlement authority. *See id*. ¶ 8.

4. Mr. Braig appeared as Acceptance's representative for the conference held on June 3, 2010.

5. During the course of the proceedings, Judge Couch determined that Mr. Braig did not have full settlement authority, as required.

6. Based on that determination, Judge Couch consulted with the parties and continued the conference with directions to conduct further discussions and negotiations by telephone and to contact Judge Couch on June 10, 2010, for further settlement conference proceedings. Following

---

[1] Another insurance carrier, Great West Casualty Company, was similarly dismissed without prejudice on April 1, 2010.

[2] Judge Couch granted the parties' motion to excuse Great West Casualty Company from attendance because it had already tendered the limits of its insurance liability.

a telephone conference held on that date, Judge Couch entered an order continuing the settlement conference to June 14, 2010.

7. In setting the June 14 conference, Judge Couch permitted certain participants to be available by telephone but required others to attend in person. Judge Couch expressly ordered the personal attendance of Matt Braig and his immediate superior.

8. On June 11, 2010, Acceptance moved for a one-week continuance due to the unavailability of Mr. Braig's supervisor, Mary Anderson. Judge Couch denied the motion the same day, but relieved Ms. Anderson of the obligation to attend if a higher level supervisor or superior to Mr. Braig appeared in person with full settlement authority.

9. Acceptance sought no further relief from Judge Couch, or from this Court, to excuse its compliance with the June 10 and June 11 orders requiring it to appear through a representative of higher authority than Mr. Braig.[3]

10. On June 14, 2010, only Mr. Braig and Mr. Dobbs appeared before Judge Couch on behalf of Acceptance. Judge Couch immediately addressed the violation of her orders and provided an opportunity for Acceptance to explain its disregard of her directions. No compelling circumstance that would justify Acceptance's noncompliance, nor any conduct that would constitute a good faith effort to comply, was presented.

11. The case did not settle during the June 14 settlement conference. However, a settlement among all parties was reached on June 17, 2010, through ensuing telephone conferences.

---

[3] In an initial written response to the show cause order, Acceptance argued that Judge Couch's order was invalid because she lacked authority to order a particular employee of a party's insurer to appear, citing *In re Novak*, 932 F.2d 1397, 1408 (11th Cir. 1991). However, Judge Couch did not order the appearance of a particular individual.

12. Acceptance consciously disregarded Judge Couch's orders by failing to secure the attendance at the June 14 conference of a representative superior to Mr. Braig.

13. The Court finds by clear and convincing evidence that Acceptance's conduct constitutes civil contempt, and the Court will therefore order Acceptance held in contempt.

14. Acceptance's conduct in disobeying Judge Couch's orders – together with its failure to participate in the settlement conference proceedings through a representative with sufficient authority – obstructed the orderly administration of the proceedings and an efficient resolution of this matter, prolonged the efforts required to reach a settlement, and caused unnecessary expense to the parties and a waste of judicial resources.

15. The Court finds that Plaintiff and Defendant Midwest Supply, Inc. should recover as compensatory damages for Acceptance's conduct a reasonable amount of attorney's fees and expenses incurred in connection with the settlement conference proceedings.[4]

16. Based on the written submission of the parties and the affidavits of their attorneys, the Court finds by the preponderance of the evidence that the total amount to be assessed as sanctions is $6,703.25.

17. The sum of $5,250.00 represents a reasonable amount of attorney's fees incurred by Plaintiff. This amount is based on an estimated 21 hours of time spent by her attorney, Mr. Loftis, at an hourly rate of $250.00. Under the circumstances, and in light of the time actually spent by Defendant's counsel, the Court finds Mr. Loftis' estimation to be reasonably accurate, and the amount sought to be entirely warranted. Further, based on Mr. Loftis' statement at the hearing concerning his customary hourly rate when billing by the hour, the Court's knowledge of Mr. Loftis'

---

[4] Neither Defendant Drywall Supply Midwest, Inc. nor its workers' compensation carrier made any submission regarding fees and expenses as directed by the Court.

practice reputation and qualifications, and the Court's familiarity with prevailing rates in the local legal community, the Court finds that $250.00 per hour is reasonable and fully justified.

18. The sum of $1,453.25 represents a reasonable amount of attorney's fees and expenses incurred by Defendant Drywall Supply, Inc. This amount reflects attorney's fees of $1,339.00 and expenses of $114.25 that were actually billed for legal services provided on Defendant's behalf between June 10 and June 14, 2010, in connection with the settlement conference proceedings. This sum is well within a range of reasonableness for Defendant's legal representation in those proceedings.

**ORDER**

IT IS THEREFORE ORDERED that Acceptance Indemnity Insurance Company is held in civil contempt and is assessed as sanctions the payment of the total sum of $6,703.25 as follows: payable to Plaintiff Kristy Gooden and her attorney James Loftis, jointly, the sum of $5,250.00; and payable to Defendant Midwest Supply, Inc. and its counsel of record, Lawrence Murphy, jointly, the sum of $1,453.25.

IT IS FURTHER ORDERED that Acceptance Indemnity Insurance Company shall satisfy this contempt sanction within 30 days from the date of this Order.

IT IS SO ORDERED this 22nd day of September, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE